Reese, J.
delivered the opinion of the court.
When this court was called upon at its March term, 1836, in the case of Yerger vs. Young, reported in 9th Yer. Rep. page 37, to review the decisions previously made upon the subject of the probate of deeds for the conveyance of lands, the cases of Henderson vs. Crawford, and Green’s heirs vs. Smith and Jones, had not been reported, and were not therefore taken into consideration.
- The court in the case of Yerger vs, Young, had no design to establish any new principle upon the subject of the probate of deeds, but only to reconcile the previous decisions so far as they could be, and deduce if possible a rule of action from them by which subsequent cases might be governed.
The court in that case saj’’, “that this court at the last term having said, that not impeaching preceeding cases on this subject, they yet regarded them as having reached theirutmostlim-it, the present becomes a fit occasion to review those eases for the purpose of discovering the pervading principle by which they are governed.” The principle announced was, “that to make a good probate, there must be not a mere historical, but a record statement showing the character of the deed, by naming the parties and giving some general description of the property and showing the execution in one instance, by the bargainor, in another by the proof of witnesses.” That the court was extracting a principle and not establishing one, is evidenced by the remark which immediately follows, viz. “we seek not however to give aB difinition in decisions of this sort, the attempt is frequently alike unsafe and impracticable.-' The principle thus extracted is sought to be applied to the probate of the deed under consideration in the present case. The probate of this deed is in the following words:
“State of Tennessee, Franklin county, Eebruary term 1820, Then the foregoing mortgage from John Dougherty to Luke -Tiernan & Son, for eight acres of land, was duly ac *482 knowledged in open court and ordered to be registered. Let be registered.” E. Russell, Clerk.
This it is said is an historical and not a record statement of the probate, and according to the strict meaning of words it is true. But when the court said that it must-be the record, and not clerk which speaks as to the validity of the probate, the remark must be construed in connexion with the context, and not as an abstract proposition.
In all the cases whiih we. e under review, the clerk had undertaken to certify as a fact, that the deed had been correctly acknowledged or proven, without shpwing the parties, the quantity of land, or any thing else, by which the court could judge whether it had been so done or not. This the court said was an historical statement, meaning thereby, that the clerk could not certify that the probate had been well made, but must show how it had been done, and must also describe the deed with sufficient certainty, so that the court might be enabled to judge that the particular deed had been proven.
The question as to whether there should be endorsed on the deed a literal copy of the probate certified by the clerk, as matters of record are required to be certified, was not presented to the consideration of the court, and a determination to that extent was not necessary in the case, and was not intended, as is evidenced by the commentary upon the case of Ross vs. M'Clung, in 6 Peter’s Rep. of which the court said: “The probate was clearly bad, becauseit is the clerk and not the record which speaks, the clerk does not show by the record, but by his own proper assertion what was done, he does not stale how done, but the legal effect or his own legal conclusion,” and by the general remark, “that in every instance it was distrust of the clerk in making an historical statement, or giving his opinion of the legal effect of what was d.one” — from which it is evident that when the court used the words, “historical statement,” they were considered as synonimous with the certified opinion of the court, as to the legal effect of the probate.” These remarks have been thought necessary in order to show that the case of Yerger vs. Young is not conclusive upon the question under consideration.
*483 This brines us directly to the question, as to whether this _ deéd of mortgage has been properly proven. We think has both upon principle and authority. The clerk has not taken upon himself the power to certify his mere opinion as to the validity of the probate, but he shows the parties to the deed and the quantity of land, and has certified that it was duly acknowledged in open court, which ex vi termini, imports that it was so done by the vendor. The words, “the foregoing mortgage has been,’’ Slc. in his certificate substituted in the place of the words, “a mortgage,” (as it unquestionably exists on his record,) is in oonformity with the practice of all the clerks in tlje State ever since there has been a registration law, and to reject a deed for this informality, would be indeed to stick in the bark. Such a decision never has been made and would be ruinious in its consequences.. But we are not left to the necessity of deciding this case on principle alone. It came directly before the the court in the case of Green’s heirs vs. Smith and Jones, 7 Yer. Rep. 487. There the probate was in the words following: “State of North Carolina, I, Isaac Alexander, clerk of the court of pleas and quarter sessions of Mulenburgh, at-the court house in Charlotte, on the 4th Monday in February, in the year 1817, do hereby certify, that William Irwin, one of the subscribing witnesses to the deed, appeared in open court and made oath that the said Robert Irwin signed, sealed and delivered the within deed for the uses and purposes therein mentioned.” This probate was held to be good, and the case is conclusive on the present, unless we are willing to overrule it, which we are not, on the point upon which it was determined, and which seems to have been the only question considered, though we think the case decidedly wrong upon another proposition, which has been fully discussed and decided by this court in the case of M’Iver’s heirs vs. Clay, 9 Yer. Rep. 257.
This case will be reversed and remanded for a new trial.
Judgment reversed.